## CIRCUIT COURT OF THE CITY OF VIRGINIA BEACH

Security Title Guarantee
Corp. of Baltimore

v.

William B. Brice et al., etc.

February 25, 1985

Case No. (Law) 1465

By JUDGE H. CALVIN SPAIN

This matter came on February 8th, 1985, upon the motion of Carole S. Fleming to compel Martha A. Brice "to submit to discovery in the above matter and further direct said defendant to answer all questions propounded to her by counsel for either party herein concerning the circumstances surrounding the pending action." Additionally, sanctions were requested with respect to the said Martha A. Brice.

The motion of Carole S. Fleming is denied for the following reasons:

1) Section 19.2-270 of the Code of Virginia is deemed by the Court to be applicable with respect to civil matters. However, an examination of that statute indicates that it is a "use" statute and does not on the face of it grant blanket immunity from legal prosecution from any and all criminal charges which could be brought as a result of the testimony that might be elicited from the witness.

2) This matter has been dealt with by the Supreme Court of Virginia in a rather ancient case involving a predecessor statute of similar purport. In the matter of *Cullen v. Commonwealth*, 24 Gratt. 624, decided in 1873, the Court stated in part as follows:

It only provides that the *"statement"* made by the witness shall not be used against him in prosecution against himself. Now, it is apparent that, without using one word of that statement, the Attorney for the Commonwealth might in many cases, and in a case like the present inevitably would, be led by the testimony of the witness to means and sources of information which might result in criminating (sic) himself. This would be to deprive him of his privilege without indemnity.

3) The Supreme Court of the United States dealt with the question of a similar section of the United States Code in the matter of *Counselman v. Hitchcock,* 142 U.S. 547 (1892). The Court, in addressing the particular section of the U. S. Code, stated that it "affords no protection against that use of compelled testimony which consist in gaining therefrom a knowledge of the details of a crime, and of courses of information which may supply other means of convicting the witness or party."

4) The question of the Fifth Amendment, and it being a blanket right, has been addressed by the Virginia Supreme Court most recently in the matter of *North American Mortgage v. Pomponio,* 219 Va. 914 (1979). The relevant holding of that Court is that the privilege goes to specific questions which are addressed to a witness. It is then a matter for the Court to decide whether there is any validity as to the claim of the Fifth Amendment with respect to such questions.

For all of the foregoing reasons, the Court is of the opinion that the motion, as it now stands, without addressing individual questions, is totally improper. It is conceivable that specific questions could be compelled to be answered. Each would have to be passed upon individually. That may be incredibly difficult in that the very answers to one question may in fact create other questions, currently unknown, for which additional answers might be sought. The obvious solution to the problem is to obtain a blanket immunity with respect to crimes arising out of the incident, which is the subject of the litigation, with respect to the witness from whom evidence is sought to be compelled. Whether the appropriate Commonwealth Attorney will so agree remains unknown to the Court.